UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERNEST CALVINO, JR,

        Plaintiff,

-against-

LORETTA Y. JONES; SEGUN SHIFT SUPERVISER; FIRST SHIFT SUPERVISER; FIRST SHIFT STAFF,

        Defendants.

---

ERNEST CALVINO, JR.,

        Plaintiff,

-against-

ANNEKA C.,

        Defendant.

---

ERNEST CALVINO, JR,

        Plaintiff,

-against-

INTERNAL AFFE, OLDKEM-311; CITY OF NEW YORK,

        Defendants.

---

1:19-CV-11601 (CM)

1:19-CV-11610 (CM)

1:19-CV-11611 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings these actions invoking the Court's federal question jurisdiction. By orders dated December 20, 2019, the Court granted Plaintiff's requests to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaints for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Ernest Calvino, Jr. has filed six *pro se* actions this week.[1] In the complaint under docket number ECF 1:19-CV-11610, Plaintiff names an individual (Anneka C.) and makes the following allegations:

> Fraund, misleading me and other, gardneshment, lack of support . . . .
>
> She mislead me and other, fraundend married me without my signature . . .
>
> Stole money busness trans., mislead me and other, morgashes

(ECF No. 2, at 5-6.) Plaintiff alleges that both he and Defendant Anneka C. reside in New York. (*Id.* at 2-3.)

In the complaint under docket number ECF 1:19-CV-11601, 2, Plaintiff names Defendant Loretta Jones, as well as unidentified staff that appear to be associated with "Bronx Works," a nonprofit entity. Plaintiff states that he and Defendants reside in New York and alleges the following: "The place has bad management Lack of responsibility for security The staff are corrupt." (Compl. at 5.)

In the complaint under docket number ECF 1:19-CV-11611, Plaintiff makes the following allegations:

> I file a complain in the past in New York City and he was assign to the case, I saw him in Holyoke M.A. at a book store and he told me to visit the M.N.C.A. boys and girls club in Holyoke to talk about the case, the reason I am questioning him is because he know Jesus Rosario from 329 tokoneke Rd. holyke M.A., he is son of a girl call Rosa cirino a girl that I was temp. staying with this girl call Rosa, her sons, family and peers have Asset that belong to me in addition they as conspayer against me to annoni. Steal information from me, mislead me and other . . . .

---

[1] In addition to these actions, Plaintiff also filed an action against the entertainer Taylor Swift, *Calvino v. Swift*, ECF 1:11600, 2, and an action alleging that "the District Attorney of Puerto Rico . . . [is] intimidating [him] anon[y]mous[ly] by electronic t.v., cell phone + other" and "accuse[d] [him] of murde[r]," *Calvino v. A.T.F. Puerto Rico*, ECF 1:19-CV-11609, 2. He also filed an action alleging "electronic spy[ing] by an[onymous] people with electronic[s]." *Calvino v. Sosa*, ECF 1:19-CV-11607, 2.

3

> Gardnesment, adsue, neglect of trans Asset misleading, steal information from me annoni.

(ECF No. 1:19-CV-11611, 2, at 5-6.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaints cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses both actions as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is warned that further vexatious or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaints are dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 23, 2019
       New York, New York

                                              COLLEEN McMAHON
                                         Chief United States District Judge